UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL TERRASE (#114262)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 03-599-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 11, 2008.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL TERRASE (#114262)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 03-599-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Record document number 81. The motion is opposed.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Mitchell Allen and Sgt. Sue Parker. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.[1]

Defendants moved for summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure (hereinafter ARP) LSP-2003-1492, and the affidavit of Trish Foster.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting

---

[1] Plaintiff's claim regarding the issuance of a false disciplinary report and his claims against Warden Burl Cain and Col. Mack Shaw were previously dismissed. Record document number 25.

affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Plaintiff alleged that on February 10, 2003, inmate Calvin Palmer threatened him with a screwdriver and told the plaintiff he intended to have sex with him.  Plaintiff reported the incident to Maj. Allen who said he would take care of it.  On February 12, 2003, inmate Palmer made sexual advances towards the plaintiff.  When the plaintiff rejected Palmer's advances the two began arguing.  Plaintiff ran from Palmer towards the rear door of the Camp F building.  Plaintiff alleged that Sgt. Parker was assigned to monitor security cameras in the building.  Plaintiff alleged that Sgt. Parker acted with deliberate indifference to his safety when she failed to monitor the security cameras and take steps to protect the plaintiff when Palmer approached him with a screwdriver and the two began arguing.  Plaintiff alleged that Sgt. Parker failed to activate the control panel to unlock the door before Palmer caught the plaintiff and stabbed him repeatedly with the screwdriver.

Defendants moved for summary judgment on the ground that the plaintiff failed to exhaust available administrative remedies before filing suit.[2]

---

[2] This defense was asserted by the defendants in their answer filed August 23, 2004.  Record document number 48, p. 2, Fourth
(continued...)

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, ___ U.S. ___ , 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004).

---

[2](...continued)
Defense - Failure to Exhaust Administrative Remedies. It was also noted as a defense in the defendants' portion of the pretrial order. Record document number 49, p. 1. Counsel for the defendants noted at the pretrial conference that the defendants may move for dismissal of the plaintiff's remaining claims based on his failure to timely exhaust administrative remedies. Record document number 53, Supplemental Pretrial Order, p. 2.

3

Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, \_\_\_\_ U.S. \_\_\_\_, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The summary judgment evidence showed that the plaintiff filed ARP LSP-2003-1492 on June 24, 2003. Plaintiff complained that two days before he was attacked by inmate Palmer, he notified Maj. Allen that inmate Palmer had threatened him with a screwdriver. Plaintiff complained that Sgt. Parker failed to open the door to allow the plaintiff to escape the attack. On July 9, 2003, the administrative grievance was rejected because it was not filed within 90 days of the incident. Plaintiff received notice of the rejection on July 19, 2003. The summary judgment evidence showed that at the time the plaintiff filed his § 1983 suit on August 6, 2003, he had not exhausted administrative remedies regarding his claims against defendants Maj. Allen and Sgt. Parker.

In his opposition to the defendants' motion for summary judgment, the plaintiff argued that he exhausted available

4

administrative remedies by filing an appeal of the disciplinary board decision.  Plaintiff stated that in his disciplinary appeal he argued that the disciplinary report was fabricated, he was denied due process during the disciplinary proceedings, and there was insufficient evidence to support the verdict.  The arguments made in his disciplinary board appeal were insufficient to place the defendants on notice of the plaintiff's deliberate indifference claims against them.  Plaintiff did not come forward with any evidence to establish that available administrative remedies were exhausted at the time he filed his § 1983 suit.  Defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and the plaintiff's complaint be dismissed for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Baton Rouge, Louisiana, February 11, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE